**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| PEDRO OSCAR PENA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Pedro Oscar Pena ("Plaintiff") brings this action on behalf of himself against defendant Equifax Information Services LLC ("Equifax"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for damages resulting from its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681(a)(4).

3. Consumer reporting agencies are to "[…] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a

1

manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681(b).

4. Plaintiff is alleging that Defendant failed to conduct a reasonable investigation into an inaccurate balance, payment history and status of an account appearing on Plaintiff's credit report and continues to falsely report a balance owed on a paid account and derogatory payment history, which has caused damage to Plaintiff.

5. Defendant has failed in its grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

## JURISDICTION & VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331, ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 15 U.S.C. §1681p (FCRA) as this action arises under the laws of the United States.

7. Venue is proper in this judicial district because Defendant engaged in the complained of acts in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..."). Also, Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

8. Plaintiff is a natural person who resides in Miami, Florida.

9. Plaintiff is also a consumer as defined by the FCRA, 15 U.S.C. §1681a(c): "an individual."

10. Defendant Equifax is a limited liability company with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

11. Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12. Defendant regularly conducts business in the state of Florida.

## **FACTS**

13. In or around May 2016, Plaintiff opened a revolving credit card account with JP Morgan Chase Bank ("Chase").

14. Sometime after, Plaintiff fell behind on his payments due to his school workload and Plaintiff entered into a payment arrangement with Chase.

15. In March of 2024, Plaintiff paid the remaining balance on the account and Chase sent him a receipt for his final payment indicating that he no longer had an outstanding balance on his account.

16. In early 2024, Plaintiff was in the process of trying to obtain a mortgage. Plaintiff was denied due to the inaccurate reporting on his Equifax report.

17. On June 13, 2024, Plaintiff accessed his credit reports and found that Equifax was reporting the Chase account with a large balance of $10,229.00 as a derogatory account that was in collections. It should be noted that the other two major credit reporting agencies, Trans Union and Experian, were correctly reporting that the Chase account was closed and paid in full with a $0 balance.

18. Plaintiff decided to pay a professional to help correct the growing financial issue that was caused by Equifax.

19. On June 27, 2024, Plaintiff caused to be sent a certified dispute letter to Equifax that disputed the inaccurate balance and status of the Chase account. Plaintiff attached the letter he received from Chase confirming its receipt of final payment as proof that the Chase account balance was $0 and paid in full.

20. On July 3, 2024, Defendant Equifax received the certified dispute letter -USPS tracking number 9407-1118-9956-4442-5185-74.

21. Plaintiff never received a response to his dispute letter from Equifax.

22. It is unclear whether Equifax forwarded Plaintiff's dispute letter to Chase as it is required to under the FCRA.

23. On August 22, 2024, Plaintiff accessed his Equifax credit report and found that Equifax was still reporting the inaccurate balance, payment history, and status of the Chase account.

24. On September 16, 2024, Plaintiff's mortgage broker performed a "soft-pull" of Plaintiff's credit reports, and Plaintiff still did not qualify for a mortgage

25. Despite Plaintiff's lawful requests for removal of the erroneous information as to the Chase account pursuant to the FCRA, Equifax failed to adequately investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit report.

26. Upon information and belief, Defendant Equifax failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to

remove the disputed items within a reasonable time following Defendant's receipt of Plaintiff's dispute.

27. The Defendant's actions have damaged Plaintiff financially. Plaintiff has been denied for a mortgage, suffered loss of financial independence and paid for a professional company to help him remove the erroneous reporting to his credit report. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer damage to reputation, humiliation, loss of self-esteem, emotional distress, frustration, mental anguish, anxiety.

28. Multiple third-party potential creditors have reviewed Plaintiff's Equifax credit report that contains erroneous information.

29. Plaintiff has suffered damages proximately caused by the conduct of Defendant Equifax, including:

   i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus, and production;

   ii. Time and expense of pulling/reviewing credit reports and sending a dispute letter to Equifax;

   iii. Believing that the Chase account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff and have a chilling effect on his ability to obtain credit;

   iv. Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

   v. An inability to improve Plaintiff's credit score during the dispute process;

   vi. Denial of pre-approval for a mortgage;

   vii. Invasion of privacy;

   viii. A lower credit score; and

   ix. Having to hire attorneys to combat the improper credit reporting.

5

## Count I – Equifax
## Violations of FCRA §§ 1681e(b) and 1681i

30. Plaintiff incorporates the preceding paragraphs as though fully set forth herein

31. A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f)

32. Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

33. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

34. Pursuant to 15 U.S.C. § 1681i(a)(4) Defendant Equifax must "review and consider all relevant information submitted by the consumer" when it conducts any reinvestigation requested by a consumer.

35. Here, Plaintiff sent a dispute letter to Equifax showing that the Chase account was paid in full and had a $0 balance and included proof thereof. Plaintiff's dispute letter requested that Equifax correct the erroneous information on his credit report.

36. Defendant Equifax failed to conduct a reasonable investigation of the inaccurate balance and account status reporting in Plaintiff's credit file about the Chase account after receiving actual notice of the inaccuracies.

37. Defendant Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

38. Defendant Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

   a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's dispute concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

   b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

   c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

   d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

   e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

39. These violations of §§ 1681e(b) and 1681i were willful, rendering Defendant Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

40. In the alternative, Defendant Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

41. Plaintiff has suffered mortgage denial, loss of financial independence, anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Equifax's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

# JURY

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: November 13, 2024

Respectfully submitted,

/s/ Ryan M. Schmidt

Ryan M. Schmidt (FL Bar number 95731)
Coats Schmidt, P.A.
4055 Central Avenue
St. Petersburg, Florida 33713
Tel: (727) 456-4462
Fax: (727) 456-4463
ryan@coats-schmidt.com
*Attorney for Plaintiff*

9

**VERIFICATION**

Plaintiff Pedro Oscar Pena declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Florida.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Florida that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 11/13/2024

ID X93cPipotnMzFhnnQaZefrPV

/s/Pedro Oscar Pena, Plaintiff